Day, J.
This case was brought for the assignment of dower. The plaintiff alleges that she was married to Harry Hickok in 1832, that he died in 1866, that during their coverture he was seized of an estate of inheritance in the lands described in the petition, that the defendant is now seized of the lands, and prays for the assignment of her dower therein.
The defendant admits that the facts stated in the petition are trae ; but he alleges in bar of the plaintiff’s claim, that in 1851 she obtained a decree of divorce from the said Hickok, whereby the bonds of matrimony existing between them were dissolved, and that, afterwards, she married one Denison Lamkin, who died before the said Hickok, whereby she became the widow of the said Lamkin, and is not the widow of the said Hickok. He further avers that after the divorce, the said Hickok manned another wife, who survives him, and is now his widow.
To this answer the plaintiff demurred.
The case was appealed to the district court, where it was reserved for decision by this court.
The plaintiff seeks to be endowed only of the lands of which her divorced husband was seized during her coverture with him. Any right of dower the plaintiff had therein is not affected by his marriage after the divorce, for he could not by his own act defeat her right. Nor did sho> forfeit it 6y her subsequent marriage, for it was her undoubted right *457 and privilege to marry; therefore, a forfeiture, which implies ¡a penalty, cannot be predicated upon it. Nor did the subsequent marriage of either party destroy the relation of husband and wife between them, for that had been 'dissolved previously by the decree of divorce. • Neither party, therefore, it would seem, could gain or lose any rights as against the other by their respective mari’iages to other parties.
But the objection to the plaintiff’s claim arises from the fact that she was not the wife of her divorced husband at the time of his death, and, therefore was not his widow; for the “ act relating to dower ” pr.ovides that “ the widow of a person dying shall be endowed ” of the land “ of which her husband was seized,” etc.
It would seem that the weight of authority in this country, where there is no statute affecting the question, is in accord.anee with the holding in Rice v. Lumley (10 Ohio St. 596), that dower “ is only allowed to the widow who was the wife of the person dying, at the time of his death.” Scribner on Dower, 519; 2 Bishop on Mar. & Div., 3d Ed. § 661; 4th Ed. § 706, and cases there cited.
But the construction of the “ act relating to dower ” has, doubtless, been somewhat controlled by provisions contained in other statutes. The act of 1824, “concerning divorce and alimony ” (2 Chase’s Stat. 1408), provided “ that when the cause of divorce shall arise from the aggression of the wife, she shall be barred of her right of dower, whether there he issue or not.” It seems to have been implied from this provision that, “ although the divorce operates to release both parties from the obligations of the contract, still if it bo decreed in consequence of the aggression of the husband, the wife is not barred of her right of dower, but upon the death of her husband may enforce that right, in the same manner she might have done had she continued to live with him until the day of his death.” [Per Hitchcock, J., in Mansfield v. McIntyre, 10 Ohio, 27.] But afterwards, in Rice v. Lumley, this implication, if not entirely repelled, was at least 1 united to eases where the wife had not married another man after the divorce was granted.
*458 It is, however, to be noticed that this decision was made in relation to a divorce granted under the act of 1824, and was carefully guarded in its application to divorces under that act, which contains no express provision in regard to dower when the divorce is obtained by the wife.
The plaintiff obtained her divorce under the divorce act of 1840. That act contains nearly the same clause as that of 1824, as. to the bar of dower “ if the divorce shall arise by reason of the aggression of the wife.” Both acts make substantially the same provisions for alimony to be allowed to the wife when the “ divorce shall be granted by reason of the aggression of the husband.” But while that of 1824 is silent in the latter case as to her dower, that of 1840 provides, if the divorce be granted for the fault of the husband, that, in addition to alimony, “ if the wife survive her husband, she shall also be entitled to her right of dower in the real estate of her husband, not allowed to her as alimony, of which he was seized at any time during coverture, and to which she had not relinquished her right of dower.” 1 Cur-wen’s Stat. G05.
Now, if, by the law of this State when this act was passed, a wife who obtained a divorce for the fault of her husband, if she survived him and remained unmarried, was entitled to dower under the act giving it to a widow, there was no need of the special provision in the act of 1840, unless it was to save for her the right of dower after the divorce, in the contingency that her constructive widowhood should be lost by a subsequent marriage.'
But if, on the other hand, the law was understood to be as afterwards held in Rice v. Lumley, that “ Dower is provided for by statute in Ohio, and is only allowed to the widow who was the wife of the person dying at the time of his death, then it is clear, that the additional provision of 1840, in favor of a wife who has obtained a divorce in consequence of the fault of her husband, was made in order that, if she survived him, though not his wife at the time of his death, she might still have the right provided by law for a widow, .in the lands of which her husband was seized during their coverture.
*459 The provision in favor of a divorced wife securing hei right of dower, in effect, then, is an amendment of the dower act, and, taken in connection with that act, it was then provided by statute that the widow of a person dying shall be endowed of his lands, and that a wife who obtains a divorce for the fault of her husband, if she survive him, shall also be entitled to dower.
The statute imposes no condition to the enjoyment of this right other than survivorship. It does not say that she shall be entitled to her right of dower if she survive him and remain unmarried.
Since, then, by virtue of the statute, it is not necessary that' the wife, who has been divorced by reason of the fault of' her husband, if she survive him, should answer the description of a widow, “ within the terms of the statute relating to dower,” in order that she may be entitled to dower, there is-no reason why her marriage after the divorce should work a forfeiture of her dower.
The subsequent marriage is lawful, and why should it have-any more effect on her right of dower than the marriage of a widow % The right in either case is a vested right, contingent as to the former, it is true, but it becomes absolute only by her survivorship. A party cannot be deprived of a vested right, even though it be contingent, by mere implication. Nor would it be consistent with the requirements of justice, that a wife, divorced by reason of her husband’s wrong,, should suffer the loss of a just and legal right without fault on her part.
No case has come to our attention directly on this point, except that of Rice v. Lumley. But that case, as we have-seen, relates only to a divorce decreed under a statute that made no provision for saving to the wife her right of dower. “ In such case,” it was held, “ the dower is not lost by way of' forfeiture; ” but, by reason of the divorce and subsequent marriage, the woman at the death of the person who had been her first husband, “ is not the widow of the latter within the terms of the statute relating to dower.” The meaning of the term “ widow,” as used in that statute, is also defined in *460 bhat case to be, “ the wife of the person dying at the time of nis death.”
Rut, as we have seen, that case differs materially from this. Here the divorce was granted under the act of 1840, and granted by reason of the aggression of the husband. The plaintiff by the decree ceased to be his wife, and, therefore, at his death, could not be his widow, “ within the terms of the statute relating to dower.” Still the act under which she was divorced from her husband provided that if she survived him, she should “be entitled to her right of dower,” as limited by that act.
Although she may not, then, be his widow “within the terms of the statute relating to dower,” she does “survive” .him with the right of dower preserved to her by the terms of the statute concerning divorce and alimony.
It follows that the demurrer of the plaintiff to the answer .of the defendant must be sustained.
Scott, C.J"., and Welch, White, and MoIlvaine, JJ., concurred.